UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GARY LEE CHUTE, individually and personally, and as the Personal Representative of the Estate of Donna M. Chute,<br><br>Plaintiff,<br><br>vs.<br><br>NIFTY-FIFTIES, INC.; MARKEL SERVICE, INCORPORATED, CA, d/b/a Markel Insurance Services; LYNN, JACKSON, SHULTZ & LEBRUN, P.C., and an Unknown Supervising Attorney; CATHERINE SABERS, Attorney; BARBARA ANDERSON LEWIS, Attorney; MARCIA HULTMAN, South Dakota Secretary of Labor and Regulation, in her official capacity, and individually; DONALD W. HAGEMAN, Administrative Law Judge for the South Dakota Department of Labor and Regulation, in his official capacity, and individually as an attorney; Honorable HEIDI L. LINNGREN, Seventh Judicial Circuit Court Judge, in her official capacity, and individually as an attorney; Honorable DAVID GILBERTSON, South Dakota Supreme Court Chief Justice, in his official capacity and individually as an attorney; Honorable STEVEN L. ZINTER, South Dakota Supreme Court Justice, in his official capacity, and individually as an attorney; Honorable GLEN A. SEVERSON, South Dakota Supreme Court Justice, in his official capacity, and individually as an attorney; Honorable LORI S. WILBUR, South Dakota Supreme Court Justice, in her official capacity, and individually as an attorney; Honorable JANINE M. KERN, South Dakota Supreme Court Justice, in her official capacity, and individually as an attorney; FIVE UNKNOWN SOUTH DAKOTA | CIV. 16-5064-JLV<br><br><br><br><br>ORDER |

| | |
|---|---|
| SUPREME COURT LAW CLERKS/ ATTORNEYS, in their official capacity and individually as attorneys; Honorable JOHN G. ROBERTS, JR., Chief Justice of the United States Supreme Court, in his official capacity, and individually as an attorney; Honorable ANTHONY M. KENNEDY, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney; Honorable CLARENCE THOMAS, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney; Honorable RUTH BADER GINSBURG, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney; Honorable STEPHEN G. BREYER, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney; Honorable SAMUEL ANTHONY ALITO, JR., Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney; Honorable SONIA SOTOMAYOR, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney; Honorable ELENA KAGAN, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney; and at least EIGHT UNKOWN UNITED STATES SUPREME COURT LAW CLERKS/ATTORNEYS, in their official capacity and individually as attorneys; <br><br> Defendants. | |

On July 15, plaintiff Gary Lee Chute filed a complaint against the defendants alleging violation of a number of his constitutional rights, South Dakota statutory rights and South Dakota common-law rights. (Docket 1). Mr. Chute moves for leave to proceed *in forma pauperis.* (Docket 3). For the

reasons discussed below, the motion to proceed *in forma pauperis* is granted, the complaint against a number of the defendants identified below is dismissed without prejudice and a portion of the claims are dismissed with prejudice.

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). The court finds that Mr. Chute is indigent and grants his motion to proceed *in forma pauperis*.

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal—
>
>     (i)    is frivolous or malicious;
>
>     (ii)    fails to state a claim on which relief may be granted; or
>
>     (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine if the action is

frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief.

Thus, the court is required to screen a *pro se* complaint as soon as practicable and to dismiss those claims which are frivolous or fail to state a claim for relief. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact . . . . [the] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a complaint under § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.

Before analyzing the complaint, the court must address the plaintiff's *pro se* status. Mr. Chute asserts claims on his own behalf and as the personal representative of the estate of Donna M. Chute, deceased. (Docket 1 ¶ 3). Section 1654 of Title 28 of the United States Code provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654. Every federal appeals court allows an individual to proceed *pro se* under § 1654. "As a general matter of federal law, an individual

proceeding in federal court has the right to present his case *pro se* . . . ." Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 67 (2d Cir. 2011) (referencing 28 U.S.C. § 1654). However, "a non-attorney . . . may not engage in the practice of law on behalf of others." Jones ex rel. Jones v. Correctional Medical Services, Inc., 401 F.3d 950, 952 (8th Cir. 2005); see also Crump-Donahue v. U.S. Dep't of Agric., No. 407-CV-00511-WRW, 2007 WL 1702567, at *1 (E.D. Ark. June 11, 2007) ("When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity."); Gross v. United States, No. Civ. 06-4211, 2009 WL 368664, at *1 (D.S.D. Feb. 13, 2009) (finding a *pro se* plaintiff was "not permitted to litigate the claims of [an] Estate or beneficiaries of the Estate, *with or without their consent*, because doing so would amount to engaging in the [unauthorized] practice of law on behalf of others.") (emphasis added).

An exception to this restriction is that an "administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate." Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010). Mr. Chute alleges "he is the sole beneficiary of the Estate that has no creditors." (Docket 1 ¶ 3). For purposes of this order, the court will permit Mr. Chute to proceed *pro se*, both individually and as the personal representative of his wife's estate and will analyze all claims asserted.

5

Because Mr. Chute is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). "[P]ro se litigants must set forth [a claim] in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer v. St. James R–1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). "A *pro se* [complaint] should be 'interpreted liberally and . . . should be construed to encompass any allegation stating federal relief.'" Bracken v. Dormire, 247 F.3d 699, 704 (8th Cir. 2001) (citing White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976)). "Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim." Thrash v. McDaniel, No. 4:13-CV-00732-KGB, 2014 WL 2462888, at *1 (E.D. Ark. June 2, 2014), aff'd, 578 F. App'x 619 (8th Cir. 2014) (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)).

"A federal court therefore has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case." Mummelthie v. City of Mason City, Ia., 873 F. Supp. 1293, 1304 (N.D.Iowa 1995) (internal citation omitted). "Federal courts have a duty to examine the substantiality of the federal claim throughout the litigation, and must dismiss all claims if the federal claim proves patently meritless even after the trial begins." Id. at 1305 (citing Pioneer Hi–Bred International v. Holden Foundation Seeds, Inc., 35 F.3d 1226, 1242 (8th Cir. 1994); Sanders v. Clemco Industries, 823 F.2d

214, 216 (8th Cir. 1987)). Under 28 U.S.C. § 1915(e)(2)(B)(iii), the court shall dismiss claims that "seek[] monetary relief against a defendant who is immune from such relief."

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of *state* law and made possible only because the wrongdoer is clothed with the authority of state law.'" Parker v. Boyer, 93 F.3d 445, 447-48 (8th Cir. 1996) (emphasis added) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (further citations omitted). "Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law." Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994).

7

The distinction between individual and official capacity suits is important. The former seeks "to impose personal liability upon an official for actions taken under color of state law." Johnson v. Board of Police Commissioners, 370 F. Supp. 2d 892, 897 (E.D. Mo. 2005) (discussing § 1983 actions). The latter does "not seek to impose liability on the defendant personally, but instead seek[s] to hold liable the entity of which the officer is an agent. . . . [A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. at 897-98.

"[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity." Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998) (referencing Kentucky v. Graham, 473 U.S. 159, 169 (1985)). A suit will be allowed to proceed, however, if the state has waived immunity. See id. at 744. South Dakota has not waived its immunity to suit under the Eleventh Amendment. The court finds the doctrine of sovereign immunity bars Mr. Chute's claims against the state-named defendants sued in their official capacities.

The claims against the defendants who are or may be considered state actors are the only individuals against whom Mr. Chute could pursue a § 1983 claim in their individual capacities. Federal officials do not act under state law. A Bivens[1] claim is a constitutional claim brought against federal officials acting under color of federal law, rather than state officials acting under color of state

---

[1] Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

8

law. "[A] *Bivens* action is analogous to a claim under 42 U.S.C. § 1983. The law developed under the two doctrines applies equally to the two types of cases, regardless of whether the action is a *Bivens* action or a § 1983 action." Abebe v. Seymour, C.A. No. 3-12-377- JFA-KDW, 2012 WL 1130667 at *2, n.3 (D.S.C. April 4, 2012) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999)).

A Bivens action "may not be asserted against the United States, its agencies, or against federal employees in their official capacity." Chavez-Garcia v. Kopf, No. 4:06cv3114, 2006 WL 1401686 at *1 (D. Neb. May 18, 2006) (emphasis in original) (holding a Bivens action did "not state a viable cause of action" against a federal district judge in his or her official capacity). A claim against a defendant in his or her official capacity is a suit against the United States. "A claim cannot be brought against the United States unless the United States waives its sovereign immunity and consents to be sued. The United States has not waived its sovereign immunity in Bivens actions." Dockery v. Miller County Sheriff's Dept., Civil No. 4:10-cv-4070, 2011 WL 4975185 at *4 (W.D. Ark. Sept. 12, 2011). The court finds the doctrine of sovereign immunity bars Mr. Chute's claims against the federal-named defendants sued in their official capacities.

Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976) ("[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope

of the immunity."). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles, 502 U.S. at 11. The doctrine of judicial immunity bars Mr. Chute's claims against the state-court and federal-court defendants.[2]

In a similar analysis, Mr. Chute's claim against an administrative law judge must fail. The administrative law judge had limited jurisdiction over the workers' compensation claim which forms a basis for Mr. Chute's claim. This process is "intimately associated with the judicial process." Anderson v. Larson, 327 F.3d 762, 768 (8th Cir. 2003). "Appealing to a higher court for relief is the only judicial procedure available to a litigant who seeks to challenge the legality of decisions made by a judge [or an administrative law judge] in [their] official capacity." Edwards v. Wilkinson, 233 F. Supp. 2d 34, 37 (D. D.C. 2002).

The court finds the actions of the judges and the administrative law judge, regardless of how they are characterized by Mr. Chute, were taken in their judicial capacity and the doctrine of judicial immunity absolutely protects them from an individual capacity suit. Mr. Chute cannot bring a civil action for

---

[2] "[T]he common law provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process." Briscoe v. LaHue, 460 U.S. 325, 335 (1983). It is clear without further analysis that because a member of the judiciary is protected by the doctrine of judicial immunity, their staffs, whether identified as law clerks or attorneys, are likewise immune from suit.

money damages against these judges and administrative law judge personally for acts performed in their judicial capacity.

Mr. Chute asserts a number of claims under South Dakota criminal statutes against the remaining defendants. The complaint alleges Mr. Chute is entitled to recover money damages or fines for a number of alleged crimes committed by these defendants. <u>See</u>, for example, Docket 1 ¶ 107 ("fraudulent insurance acts constituting criminal activities . . . Class 4 felonies . . . ."); ¶ 136 ("committed a class 5 felony of criminal solicitation . . . ."); ¶ 152 ("felony insurance fraud"); ¶ 161 (2) ("crime of Manslaughter in the First Degree, a Class C felony"); and ¶ 174 ("murder in the first degree"). These allegations are repeated throughout the remainder of the complaint.

Except where specifically provided by statute, there is no private cause of action arising from a criminal statute under South Dakota law. <u>See</u> SDCL § 22-24A-7 (dealing with child pornography); § 22-24-66 (dealing with obscenity). "The purpose of a criminal prosecution is to punish a crime against the State . . . . Punishment for any criminal activity is handled in sentencing." <u>In re Discipline of Janklow</u>, 709 N.W.2d 28, 34 (S.D. 2006) (internal citations, bold and bracketing omitted). <u>See</u> <u>Frison v. Zebro</u>, 339 F.3d 994, 999 (8th Cir. 2003) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation are . . . poor candidates for the imputation of private rights of action. . . .") (internal citation omitted). Those allegations of the complaint seeking a private cause of

11

action through the criminal statutes of the State of South Dakota "lack[] an arguable basis . . . in law . . . ." Neitzke, 490 U.S. at 325.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. In this instance, Mr. Chute cannot amend his complaint to allege valid § 1983 claims or Bivens claims involving the general nature of the topics alleged against the judicial defendants, the administrative law judge, or the staffs of those judicial employees.

At this juncture the court cannot say the remainder of the complaint is wholly without merit. Claims against the other defendants survive the court's initial examination and are allowed to proceed. Accordingly, it is

ORDERED that Mr. Chute's motion for leave to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that any claims against the following defendants:

> MARCIA HULTMAN, South Dakota Secretary of Labor and Regulation, in her official capacity;
>
> DONALD W. HAGEMAN, Administrative Law Judge for the South Dakota Department of Labor and Regulation, in his official capacity, and individually as an attorney;
>
> Honorable HEIDI L. LINNGREN, Seventh Judicial Circuit Court Judge, in her official capacity, and individually as an attorney;
>
> Honorable DAVID GILBERTSON, South Dakota Supreme Court Chief Justice, in his official capacity and individually as an attorney;

Honorable STEVEN L. ZINTER, South Dakota Supreme Court Justice, in his official capacity, and individually as an attorney;

Honorable GLEN A. SEVERSON, South Dakota Supreme Court Justice, in his official capacity, and individually as an attorney;

Honorable LORI S. WILBUR, South Dakota Supreme Court Justice, in her official capacity, and individually as an attorney;

Honorable JANINE M. KERN, South Dakota Supreme Court Justice, in her official capacity, and individually as an attorney;

FIVE UNKNOWN SOUTH DAKOTA SUPREME COURT LAW CLERKS/ATTORNEYS, in their official capacity and individually as attorneys;

Honorable JOHN G. ROBERTS, JR., Chief Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable ANTHONY M. KENNEDY, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable CLARENCE THOMAS, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable RUTH BADER GINSBURG, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney;

Honorable STEPHEN G. BREYER, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable SAMUEL ANTHONY ALITO, JR., Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable SONIA SOTOMAYOR, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney;

> Honorable ELENA KAGAN, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney; and
>
> AT LEAST EIGHT UNKOWN UNITED STATES SUPREME COURT LAW CLERKS/ATTORNEYS, in their official capacity and individually as attorneys;

are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

IT IS FURTHER ORDERED that those portions of the complaint seeking to create a private cause of action, recover monetary damages or recover fines through the criminal statutes of the State of South Dakota are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

IT IS FURTHER ORDERED that Mr. Chute shall complete and send to the Clerk of Court summonses and USM-285 forms for each of the remaining named defendants. Upon receipt of the completed summonses and USM- 285 forms, the Clerk of Court will issue a summons for each defendant. If the completed summonses and USM-285 forms are not submitted by Mr. Chute as directed, the complaint may be dismissed. The United States Marshal shall serve the completed summons with a copy of the complaint and this order upon each of the defendants. The United States will advance the costs of service.

IT IS FURTHER ORDERED that Mr. Chute shall serve upon defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by the court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed

to defendants or their counsel. Any paper received by the court which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the court.

Dated August 1, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE