## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA

Gary Lee Chute, individually and )
personally, and as the Personal )
Representative of the Estate of Donna M. )
Chute, )
                Plaintiff, )
                 )    **ORDER GRANTING DEFENDANTS'**
    vs. )    **MOTIONS TO DISMISS**
                 )
Nifty-Fifties, Inc., et al., )
                 )    Case No: 5:16-cv-5064
           Defendants. )

_____

On July 15, 2016, plaintiff Gary Chute filed a 94-page complaint against numerous Defendants alleging violations of a number of his constitutional rights, South Dakota statutory rights, and South Dakota common-law rights. See Docket No. 1.  The complaint alleges various causes of action arising out of litigation concerning Donna Chute's worker's compensation claim and her previous employment with Nifty-Fifties, Inc.  See Docket No. 6.  The record reveals that Donna Chute fell at work on September 10, 2008, and passed away on July 17, 2013.  See Docket No. 22.  On August 1, 2016, Chief Judge Jeffrey Viken dismissed all claims against the following individuals:

MARCIA HULTMAN, South Dakota Secretary of Labor and Regulation, in her official capacity;

DONALD W. HAGEMAN, Administrative Law Judge for the South Dakota Department of Labor and Regulation, in his official capacity, and individually as an attorney;

Honorable HEIDI L. LINNGREN, Seventh Judicial Circuit Court Judge, in her official capacity, and individually as an attorney;

Honorable DAVID GILBERTSON, South Dakota Supreme Court Chief Justice, in his official capacity and individually as an attorney;

Honorable STEVEN L. ZINTER, South Dakota Supreme Court Justice, in his

official capacity, and individually as an attorney;

Honorable GLEN A. SEVERSON, South Dakota Supreme Court Justice, in his official capacity, and individually as an attorney;
Honorable LORI S. WILBUR, South Dakota Supreme Court Justice, in her official capacity, and individually as an attorney;

Honorable JANINE M. KERN, South Dakota Supreme Court Justice, in her official capacity, and individually as an attorney;

FIVE UNKNOWN SOUTH DAKOTA SUPREME COURT LAW CLERKS/ATTORNEYS, in their official capacity and individually as attorneys;

Honorable JOHN G. ROBERTS, JR., Chief Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable ANTHONY M. KENNEDY, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable CLARENCE THOMAS, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable RUTH BADER GINSBURG, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney;

Honorable STEPHEN G. BREYER, Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable SAMUEL ANTHONY ALITO, JR., Associate Justice of the United States Supreme Court, in his official capacity, and individually as an attorney;

Honorable SONIA SOTOMAYOR, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney;

Honorable ELENA KAGAN, Associate Justice of the United States Supreme Court, in her official capacity, and individually as an attorney; and

AT LEAST EIGHT UNKNOWN UNITED STATES SUPREME COURT LAW CLERKS/ATTORNEYS, in their official capacity and individually as attorneys;

Judge Viken also ruled those portions of the complaint seeking to create a private cause of

action, and recover monetary damages or recover fines through the criminal statutes of the State of

2

South Dakota, were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Following Judge Viken's order of August 1, 2016, Chute then filed a "Motion to Join Parties and Claims" and a "Motion to Amend Findings."  <u>See</u> Docket No. 10-11.  On August 22, 2016, Chute sought to add Judge Viken to the lawsuit and the litany of claims asserted.  Rather than obtaining leave of court to do so, Chute filed a 94-page "First Amended Complaint" on August 31, 2016.  <u>See</u> Docket No. 22.  The only change was the addition of Judge Viken as a defendant.  No plaintiff is allowed to unilaterally add a party to a lawsuit without filing an appropriate motion and obtaining leave of court pursuant to Rule 15 of the Federal Rules of Civil Procedure.  The Court always has the discretion to permit a supplemental pleading despite the fact the original pleading may have been defective.  However, this lawsuit suffers from a number of jurisdictional deficiencies.  The Court <i>sua sponte</i> dismisses the "First Amended Complaint."  Further, any claims asserted against Judge Viken in an amended complaint, or in any other pleadings, are clearly barred by the doctrine of judicial immunity and are completely frivolous.  Following the ill-advised filing of the amended complaint, Judge Viken recused himself from the case, and the Eighth Circuit assigned the case to the undersigned.  <u>See</u> Docket Nos. 14 and 30.

On August 31, 2016, Defendants Lynn, Jackson, Shultz & Lebrun, P.C., Barbara Anderson Lewis, and Catherine Sabers, filed motions to dismiss.  <u>See</u> Docket Nos. 24 and 25.  The motions were renewed on September 13, 2016, after Chute had filed the amended complaint.  <u>See</u> Docket Nos. 37 and 38.  Motions to dismiss have also been filed by Defendants Nifty-Fifties, Inc. and Marcia Hultman. <u>See</u> Docket Nos. 41 and 46.  For the reasons set forth below, all remaining claims are dismissed based on lack of subject matter jurisdiction.

# I.    **BACKGROUND**

On July 15, 2016, the Plaintiff, Gary Chute, individually, and as the Personal Representative of the Estate of Donna M. Chute, filed a complaint in the United States District Court for the District of South Dakota.  The complaint alleges various causes of action against dozens of defendants arising out of the litigation of Donna Chute's worker's compensation claim.  The worker's compensation claim arises out of Donna Chute's employment with Nifty-Fifties, Inc.  See Docket No. 1, at ¶¶ 4, 26-43.  Chute also sued Markel Service, Incorporated, which he alleged is the successor to the worker's compensation insurance carrier.  See Docket 1, at ¶ 5.  The "Attorney Defendants," namely attorneys Sabers and Lewis, and the Lynn, Jackson, Shultz & Lebrun, P.C. law firm, represented Nifty-Fifties and the Insurer in the worker's compensation claim.

The claims against the Attorney Defendants are contained in Counts 4, 5, 6, and 11 of the complaint.  All of the allegations in those counts arise out of the Attorney Defendants' representation of Nifty-Fifties and the Insurer in the worker's compensation proceedings.  Based upon the Attorney Defendants' conduct in representing their client, the complaint asserts three categories of claims: (1) claims for damages and fines arising out of alleged violations of criminal statutes (Criminal Claims"); (2) claims for fraud and/or deceit ("Deceit Claims"); and (3) alleged claims for civil conspiracy between the Attorney Defendants and other defendants ("Conspiracy Claims").

Chute also alleged various state law claims against Nifty-Fifties and the Insurer in the complaint.  The complaint also asserted claims under 42 U.S.C. § 1983 against a South Dakota Administrative Law Judge, the Secretary of the South Dakota Department of Labor and Regulation, a South Dakota Circuit Judge, all five of the South Dakota Supreme Court Justices and their unknown law clerks, and all eight of the United States Supreme Court Justices and their unknown

law clerks.  <u>See</u> Docket No. 1, at ¶¶ 16, 17, 21 and 23.  The 42 U.S.C. § 1983 claims are the only federal claims asserted in the complaint.

It is undisputed that Gary Chute is a resident of Rapid City, South Dakota.  <u>See</u> Docket No. 1, at ¶ 2.  Defendant Lynn, Jackson, Schultz & Lebrun, P.C. Law Firm is a South Dakota corporation with its principal place of business in South Dakota.  <u>See</u> Docket No. 28.  Attorneys Sabers and Lewis are also residents of the State of South Dakota.  <u>See</u> Docket Nos. 27 and 29.

Chute requested to proceed <i>in forma pauperis</i>.  Judge Viken screened the complaint pursuant to 28 U.S.C. § 1915.  In screening the complaint, Judge Viken dismissed all of the 42 U.S.C. § 1983 claims against the various judicial officials.  <u>See</u> Docket No. 6, at pp.12-14.  Following the screening process, the only claims remaining were state law claims asserted against the Attorney Defendants, Nifty-Fifties, and the Insurer.  The Attorney Defendants and other defendants have moved to dismiss this action for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Judge Viken correctly ruled that "those portions of the complaint seeking to create a private cause of action, recover monetary damages or recover fines through criminal statutes of the State of South Dakota are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii)."  <u>See</u> Docket No. 6, at p.14.  Thus, through the screening process, Judge Viken dismissed all of the criminal claims asserted against the Defendants.  The only remaining claims against the Defendants are: (1) the deceit claims; and (2) the conspiracy claims.  Because neither the deceit claims nor the conspiracy claims state a claim upon which relief can be granted, the Defendants have also moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   <u>LEGAL ARGUMENT</u>

The Defendants have all moved to dismiss the complaint based upon two independent,

alternative bases.  First, that this Court lacks subject matter jurisdiction over the proceeding and the complaint should be dismissed in its entirety pursuant to Fed R. Civ. P. 12(b)(1).  Separately, and alternatively, the Court should dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint fails to state a claim upon which relief can be granted.

It is well-established that in order for a United States District Court Judge to entertain a civil action, subject matter jurisdiction must be present. "Rule 12(b)(1) of the Federal Rules of Civil Procedure expressly provides for a pre-answer motion to dismiss for 'lack of jurisdiction over the subject matter.'" Bhd. of Maint. of Way Employees Div. of Int'l Bhd. of Teamsters v. Union Pac. R. Co., 475 F. Supp. 2d 819, 834 (N.D. Iowa 2007) (citations omitted). "When the challenge to subject matter jurisdiction comes in the form of a Rule 12(b)(1) pre-answer motion, the question may be resolved either on the face of the pleadings or upon factual determinations made in consideration of matters outside the pleadings." Id. at 835. In a challenge based on the face of the pleadings, "the court must accept all factual allegations in the complaint as true, draw all inferences in the plaintiff's favor, and grant the motion to dismiss only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id.  However, if the challenge is based on factual determinations made in consideration of matters outside the pleadings, "the court is entitled to resolve factual issues to determine its jurisdiction." Id.  "If subject matter jurisdiction is lacking, the court must dismiss the action." Montgomery v. Compass Airlines, LLC, 98 F. Supp. 3d 1012, 1026 (D. Minn. 2015) (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004)).

There are three types of subject matter jurisdiction that may apply to this case: (A) federal question jurisdiction; (B) diversity of citizenship jurisdiction; and (C) supplemental jurisdiction. The Court will address each potential basis for jurisdiction.

A.     **FEDERAL QUESTION JURISDICTION**

The first basis to exercise subject matter jurisdiction in federal court is federal question jurisdiction.  28 U.S.C.A. § 1331 states that:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

In order to "invoke federal question jurisdiction, plaintiff's claim must be based on some federal law independent of federal question statute." U.S. on Behalf of F.T.C. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 841 F. Supp. 899 (D. Minn. 1993).  The "[m]ere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 812 (1986).  Thus, in order for the Plaintiff to assert federal question jurisdiction, he must present a claim based on federal law.

It is clear from the record that the claims based upon a federal statute — 42 U.S.C. § 1983 claims against the various judicial officials — were properly dismissed as part of the screening process. See Docket 6.  All of the remaining claims against the Defendants are based upon state law. The complaint concedes the claims against the Defendants are "State causes of action." See Docket 1, ¶ 10.  Thus, no federal question jurisdiction exists under 28 U.S.C. § 1331.


B.     **DIVERSITY JURISDICTION**

The next possible basis for federal court jurisdiction is diversity jurisdiction.  28 U.S.C. § 1332 allows for original jurisdiction where the matter is between "citizens of different States" provided the amount in controversy exceeds $75,000.  It is well-established that "federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." Wilkerson v. Missouri Dep't of Mental Health, 279 F. Supp. 2d 1079, 1080 (E.D. Mo.

2003) (emphasis added).  See also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  A careful review of the record reveals that it is clear and undisputed that the requirement of complete diversity does not exist in this case.

For individuals, such as the Plaintiff Gary Chute, attorney Sabers, and attorney Lewis, "citizenship for diversity purposes means domicile." Minnesota Min. & Mfg. Co. v. Kirkevold, 87 F.R.D. 317, 320 (D. Minn. 1980). "To establish domicile, a person must both be physically present in the state and have the intent to make his home there indefinitely." Salveson v. Miller, 489 F. Supp. 2d 963, 966 (D.S.D. 2007) (citations omitted); see Altimore v. Mount Mercy College, 420 F.3d 763, 769 (8th Cir. 2005). Once an individual becomes a citizen of a state, that individual remains a citizen of that state for diversity purposes until citizenship is established in a different state.

The complaint confirms the Plaintiff is a South Dakota citizen.  The complaint alleges that Chute is "a resident of Rapid City, in Pennington County, South Dakota." See Docket 1, at ¶ 2. Both defendant attorneys Sabers and Lewis are citizens of South Dakota. See Docket Nos. 27 and 29.  In addition, the Lynn, Jackson, Schultz & Lebrun Law Firm is a South Dakota citizen.  For a corporation, citizenship is determined pursuant to 28 U.S.C.A. § 1332(c)(1), which states that "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business…" It is undisputed the Lynn, Jackson, Schultz & Lebrun Law Firm is incorporated in South Dakota, and its principal place of business is in South Dakota.  See Docket No. 28.  Thus, the Lynn, Jackson, Schultz & Lebrun Law Firm is a South Dakota citizen.

Thus, it is clear and undisputed from the record that both the Plaintiff and numerous defendants are citizens of South Dakota. As a result, complete diversity does not exist. This Court

8

cannot exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### C.     **SUPPLEMENTAL JURISDICTION**

Under certain circumstances, the Court may have supplemental jurisdiction pursuant 28

U.S.C. § 1367.  In general, 28 U.S.C. § 1367 (a) grants supplemental jurisdiction:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by
> Federal statute, in any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction over all other
> claims that are so related to claims in the action within such original jurisdiction that
> they form part of the same case or controversy under Article III of the United States
> Constitution. Such supplemental jurisdiction shall include claims that involve the
> joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a).

Chute claims the federal court has supplemental jurisdiction over the claims against the

Defendants.  See Docket 1, ¶ 10.  In order for supplemental jurisdiction to exist, there must be some

basis for subject matter jurisdiction other than 28 U.S.C. § 1367.  See Exxon Mobil Corp. v.

Allapattah Servs., Inc., 545 U.S. 546, 558 (2005) ("Once the court determines it has original

jurisdiction over the civil action, it can turn to the question whether it has a constitutional and

statutory basis for exercising supplemental jurisdiction over the other claims in the action").  After

Judge Viken's order dismissing all the 42 U.S.C. § 1983 claims, no independent basis for subject

matter jurisdiction exists. As a result, there is no supplemental jurisdiction over the Plaintiff's claims

against the Defendants.

Further, the assertion of the 42 U.S.C. § 1983 claims, when the complaint was originally

filed, cannot support supplemental jurisdiction under 28 U.S.C. § 1367 against the Defendants once

the Section 1983 claims are dismissed. The impact of the dismissed federal claims is governed by

28 U.S.C. § 1367(c), which states in relevant part:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

. . . .

(3) the district court has dismissed all claims over which it has original jurisdiction…

"If federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); see Weseman v. Meeker Cty., 659 F. Supp. 1571, 1579 (D. Minn. 1987) (The general rule is that pendent claims should be dismissed without prejudice if the federal claims are dismissed before trial); Rossi v. Gemma, 489 F.3d 26, 39, (1st Cir. 2007) ("As a general principle, the unfavorable disposition of a plaintiffs' federal claims at the early stages of a suit will trigger the dismissal, without prejudice, of any supplemental state-law claims").  The use of the word 'may' implies that a district court is not obliged to decline to exercise supplemental jurisdiction.  See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009)

The Plaintiff filed this suit on July 15, 2016.  On August 1, 2016, Judge Viken dismissed all claims asserted against the various judicial officials that provided the sole basis for original subject matter jurisdiction, namely federal question jurisdiction.  This lawsuit has been pending for a brief time before the federal court; a trial date has not been set; and, the remaining issues are of local concern.  In the broad exercise of its discretion this Court declines to exercise supplemental jurisdiction.  As a result, there exists no basis for subject-matter jurisdiction as to the remaining claims.  The Court dismisses the complaint for lack of subject matter jurisdiction.

D.    **ROOKER-FELDMAN DOCTRINE**

Finally, it is clear from a careful review of the entire record that this is a classic case of a disappointed state court litigant attempting to relitigate a state court action in federal district court under the guise of seeking relief for an alleged violation of federal constitutional rights.  This tactic is clearly prohibited by what has become known as the Rooker-Feldman doctrine established by the United States Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  As explained by the Eighth Circuit Court of Appeals in Keene Corp. v. Cass, 908 F.2d 293 (8th Cir. 1990):

> The existence of subject matter jurisdiction in federal court is a question of law subject to *de novo* review. Schmidt v. United States, 901 F.2d 680, 683 (8th Cir.1990). Federal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings. Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970) (lower federal courts may not sit in review of a state court decision); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (district courts may not exercise appellate jurisdiction over state courts); Williams v. McKenzie, 834 F.2d 152, 153 (8th Cir. 1987) (federal courts are not empowered to review state court proceedings even if a federal claim has been asserted therein); see, 28 U.S.C. § 1257 (1988) (providing for United States Supreme Court review of state court judgments only through writ of certiorari).
>
> Although a federal district court may not possess appellate jurisdiction to review a state court judgment, it may exercise jurisdiction over a general constitutional challenge made in a federal proceeding as long as the constitutional challenge is not "inextricably intertwined" with claims asserted in a state court proceeding. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206 (1983); Blue Cross & Blue Shield of Md. v. Weiner, 868 F.2d 1550, 1554 (11th Cir. 1989); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986). Under the Feldman doctrine,
>
> > the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.
>
> Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

> Where a litigant attempts to circumvent the requirement of seeking direct review in the United States Supreme Court by casting her lawsuit as a section 1983 action, Feldman 's jurisdictional bar applies. <u>Worldwide Church of God v. McNair</u>, 805 F.2d 888, 893 n.4 (9th Cir. 1986); <u>Curry v. Baker</u>, 802 F.2d 1302, 1310 n. 5 (11th Cir.), <u>cert. dismissed</u>, 479 U.S. 1023, 107 S.Ct. 1262, 93 L.Ed.2d 819 (1986); <u>Hale v. Harney</u>, 786 F.2d 688, 690–91 (5th Cir.1986); <u>see</u> <u>Callahan v. Rendlen</u>, 806 F.2d 795, 796 (8th Cir. 1986) (federal district courts possess no jurisdiction under 42 U.S.C. § 1983 to modify a final order of a state court). Similarly, the Feldman doctrine applies to claims for both injunctive and declaratory relief. <u>Feldman</u>, 460 U.S. at 468, 103 S.Ct. at 1307; <u>Weiner</u>, 868 F.2d at 1556.

<u>Id.</u> at 296-97 (footnote omitted).

In this case, Chute is essentially seeking federal district court review of his dissatisfaction with the worker's compensation proceedings held years ago in state court in South Dakota. There were administrative hearings before an ALJ and multiple appeals at the state court level in South Dakota. This lawsuit is a direct attack on the ALJ's decision in the South Dakota workers' compensation case and the decisions of South Dakota state court judges in subsequent appeals. This Court lacks subject matter jurisdiction to relitigate that worker's compensation dispute and all of the inextricably intertwined claims being pursued in this federal lawsuit. This is not the proper forum to relitigate these issues. Consequently, the Court lacks subject matter jurisdiction and dismissal is warranted under the <u>Rooker-Feldman</u> doctrine. The case must be dismissed.

## IV.    CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. Chief Judge Viken's order of August 1, 2016, was correct and in full accordance with the law. The continuation of this lawsuit is unwarranted. For the reasons set forth above, the Defendants' motions to dismiss (Docket Nos. 24, 25, 37, 38, 41, and 46) are **GRANTED**. The case is dismissed for lack of subject matter jurisdiction. In addition, the Plaintiff's motions to join parties and claims, amend

Judge Viken's findings and order, and to strike various pleadings are **DENIED**.  See Docket Nos. 10, 11, 32, 33, 34, and 54.  Further, the Plaintiff's "First Amended Complaint" is dismissed *sua sponte* as it was improperly filed without leave of court and there is a lack of subject matter jurisdiction.  See Docket No. 22.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2016.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

13